RECEIVED

MAY 0 9 2019

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

19-551

AO 241
(Rev. 10/07)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Western | |
|---|---|---|
| Name (under which you were convicted):<br><br>Thomas A. Scott | | Docket or Case No.:<br><br>CP-02-CR-0003918-2011 |
| Place of Confinement :<br><br>SCI-Albion | Prisoner No.:<br><br>KD9349 | |
| Petitioner (include the name under which you were convicted)<br><br>Thomas A. Scott | Respondent (authorized person having custody of petitioner)<br><br>v. Stephen A. Zappala Jr<br><br>Michael Clark | |
| The Attorney General of the State of   Josh Shapiro | | |

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Court of Common Pleas of Allegheny County, Honorable Jill E. Rangos,

    310 grant street, Pittsburgh PA 15219

    (b) Criminal docket or case number (if you know): CP-02-CR-0003918-2011

2.  (a) Date of the judgment of conviction (if you know): 08/29/2011

    (b) Date of sentencing: 08/29/2011

3.  Length of sentence: Forty(40) to Eighty(80) years

4.  In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    2 Assault of Law Enforcement officer, 2 Aggravated Assault,

    2 Recklessly Endangering Another person

6.  (a) What was your plea? (Check one)

    ☑ (1) Not guilty      ☐ (3) Nolo contendere (no contest)

    ☐ (2) Guilty          ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.   Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   Superior Court of Pennsylvania

(b) Docket or case number (if you know):   CP-02-CR-0003918-2011

(c) Result:   Affirmed

(d) Date of result (if you know):   12-11-2013

(e) Citation to the case (if you know):

(f) Grounds raised:   Mr. Scott's Pennsylvania and United States Constitutional rights to counsel was violated when his attorney of record was allowed to withdraw on August 29, 2011 effectively denying Mr. Scott right to counsel for Post-Sentence motion.

The evidence presented is inefficient to establish that Mr. Scott fired any shots in the direction of the police officers.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:   Supreme Court of Pennsylvania

(2) Docket or case number (if you know):   CP-02-CR-0003918-2011

(3) Result:   Affirmed

(4) Date of result (if you know):

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: <u>The Superior Court erred when it found that the</u>

<u>evidence was sufficient to prove that Mr. Scott fired in the</u>

<u>direction of the police officers.</u>

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: ~~████████~~

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?   ☑ Yes   ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: <u>Court of Common Pleas of Allegheny.</u>

(2) Docket or case number (if you know): <u>CP-02-CP-0003918-2011</u>

(3) Date of filing (if you know): <u>04/30/2014</u>

(4) Nature of the proceeding: <u>P.C.R.A.</u>

(5) Grounds raised: <u>Trial counsel was ineffective for not presenting</u>

<u>"knowing" evidence or argument [sic] that the defendant did not</u>

<u>fire at officer [since] medical recorded[s] show that the</u>

<u>defendant was shot from behind and could not have been facing</u>

<u>officers. Trial counsel was ineffective for "not arguing the</u>

<u>[crime scene] photographs show that the defendant fired nine</u>

<u>times before officers got out there cars and could not have fired</u>

<u>as many times as said. Perjured testimony [of the police officers</u>

<u>regarding defendant shooting at them and their testimony that</u>

<u>the defendant was shot in the chest] affected the judgement of the jury.</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result: <u>Affirmed.</u>

(8) Date of result (if you know): <u>Jan 07, 2015</u>

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:   Court of Common Pleas of Allegheny County

    (2) Docket or case number (if you know):   CP-02-CR-0003918-2011

    (3) Date of filing (if you know):   02/20/2016

    (4) Nature of the proceeding:   Second petition for post-concoction relief

    (5) Grounds raised:   Ineffective assistance of counsel, the the unavailability at the time of exculpatory evidence that has subsequently become available.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:   Court of Common Pleas of Allegheny County

    (2) Docket or case number (if you know):   CP-02-CR-0003918-2011

    (3) Date of filing (if you know):   01/13/2017

    (4) Nature of the proceeding:   Writ of Habeas Corpus or Coram Nobis

    (5) Grounds raised:   P.C.R.A. counsel rendered ineffective assistance by failing to challenge petitioners illegal sentences.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ❑ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

    (1) First petition:    ☑ Yes    ❑ No

    (2) Second petition:  ❑ Yes    ☑ No

    (3) Third petition:   ☑ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

Petitioner withdraw the second petition to persevere equitable tolling.

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
supporting each ground.

        **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Post-Sentence/Direct Appeal counsel is ineffective for failing to

request reinstatement of Post-Sentence motion rights back. P.C.R.A. counsel did not raise ineffecti

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Due to a clerical oversight at the public defender office there was no time to

file a timely Post-Sentence motion or a Notice of Appeal. Post-Sentence/Direct Appeal

counsel requested reinstatement of appellate right but failed to request the

reinstatement of Post-Sentence motion rights. P.C.R.A. counsel was ineffective

for failing to raise the ineffectiveness of Post-Sentence/Direct appeal counsel.

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why: P.C.R.A. counsel was ineffective

for failing to raise this claim, and Petitioner is uneducated in law and was

unaware of this claim at the time.

_____

_____

_____

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: could not be raised until P.C.R.A.

_____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐ Yes    ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania office of the prothonotary, 310 grant street, Pittsburgh PA 15219

Docket or case number (if you know): CP-02-CR-0003918-2011

Date of the court's decision: 12/14/2015

Result (attach a copy of the court's opinion or order, if available):   Order affirmed. See attachment 2.

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner is uneducated in law and was unaware of the claim at the time of the appeal.

_____

_____

AO 241
(Rev. 01/15)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: _____

_____

_____

**GROUND TWO:**      Trial counsel was ineffective for failing to present medical

records at trial, Appeal counsel was ineffective for failing to raise trial counsels ineffective

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to present medical record at trial as corroborating evidence,

Appeal counsel failed to raise trial counsel ineffectiveness.

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes      ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: It could on be raised untill P.C.R.A.

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: P.C.R.A.

Name and location of the court where the motion or petition was filed: Court of Common Pleas of

Allegheny County, Honorable Jill E. Rangos, Room 533, 436 Grant Street,

Pittsburgh PA 15219

Docket or case number (if you know): CP-02-CR-0003918-2011

Date of the court's decision: 06/09/2014

Result (attach a copy of the court's opinion or order, if available):    Affirmed. See attachment 1

(3) Did you receive a hearing on your motion or petition?                    ☐ Yes      ☑ No

(4) Did you appeal from the denial of your motion or petition?           ☑ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior court of Pennsylvania

office of the prothonotary, 310 grant street, Pittsburgh PA 15219

Docket or case number (if you know):   CP-02-CR-0003918-2011

Date of the court's decision:   01/25/2016

Result (attach a copy of the court's opinion or order, if available):   Order affirmed. See attachment 2.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner is uneducated in law and raised different issues on appeal.

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** Trial counsel was ineffective for failing to suppress involuntary statement/ confession, Appeal counsel was ineffective for failing to raise trial counsels ineffectiveness.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to file a motion to suppress an involuntary statement/confession made while recovering from multiple gun shot wounds and on pain killing drugs, that was used against the petitioner at trial. Appeal counsel failed to raise trial counsels ineffectiveness.

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: This issue could not be raised until P.C.R.A.

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania office of the prothonotary, 310 grant street, Pittsburgh PA 15219

Docket or case number (if you know): CP-02-CR-0003918-2011

Date of the court's decision: 01/25/2016

Result (attach a copy of the court's opinion or order, if available): Deem waived because it was not in 1925(b). See attachment 2.

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND FOUR:** Trial counsel was ineffective for failing to object to know perjured testimony

Appeal counsel was ineffective for failing to raise trial counsels ineffectiveness

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel failed to object to known perjured testimony by multiple witness's

of the commwealth. Appeal counsel was ineffective for failing to raise trial

counsel ineffectiveness.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: could not be raised until P.C.R.A.

_____

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?    ☐ Yes   ☑ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania

office of the prothonotary, 310 grant street, Pittsburgh PA 15129

Docket or case number (if you know): CP-02-CR-0003918-2011

Date of the court's decision:  01/25/2016

Result (attach a copy of the court's opinion or order, if available):  Order affirmed. See attachment 2.

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Petitioner is uneducated in law and was unaware of the claim at the

time of appeal.

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☑ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:  Grounds 1,2,4,5,6,7,8 have not been raised because of ineffective assistance of counsel and Petitioner being uneducated in law.

    (b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    Grounds 1,4,5,7,8 have not been present to any state or federal Court because of ineffective assistance of counsel and petitioner being uneducated in law.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the

   judgment you are challenging:

   (a) At preliminary hearing: _____

   _____

   (b) At arraignment and plea: _____

   _____

   (c) At trial:   William A. Jones, address unknown

   (d) At sentencing:   William A. Jones, address unknown

   (e) On appeal:   Jessica L. Herndon and John Ciroli, Public Defenders Office
400 County Office Building, 542 Forbes Avenue, Pittsburgh PA 15219-2904
   (f) In any post-conviction proceeding:   Scott Coffey Esquire, 216 Sharon Drive
Pittsburgh PA 15221
   (g) On appeal from any ruling against you in a post-conviction proceeding: _____

   _____

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

   challenging?        ☐  Yes      ☑  No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

   future?        ☐  Yes      ☐  No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

   why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

   Grounds 1,2,3,4,5,6,7 and 8 all raise claims of ineffective assistance

    of trial counsel, appeal counsel including P.C.R.A counsel. Martinez V.

   Ryan Supreme Court of the United States 132 S. Ct. 1309; 182 L. Ed. 2d

   272; 2012 U.S. Lexis 2317; 80 U.S.L.W. 4216; 23 Fla. L. Weekly Fed S 175

   states: Allowing a Federal habeas court to hear a claim of ineffective

   assistance at trial when an attorney's errors (or an attorney's absence)

cause a procedural default in an initial-review collateral proceeding
acknowledges, as an equitable matter, that a collateral proceeding, if
undertaken with on counsel or ineffective counsel, may not have been sufficient
to ensure that proper consideration was given t a substantial claim. It thus
follows that, when a State requires a prisoner to raise a i claim of
ineffective assistance at trial in a collateral proceeding, a prisoner may
establish cause for a procedural default of such claim in two circumstance:
where the state courts did not appoint counsel in the initial-review collateral
proceeding for an ineffective-assistance-at-trial claim; and where appointed
counsel in the initial-review collateral proceeding, where that claim should
have been raised, was ineffective under Strickland V. Washington, 466 U.S. 688,
104 S. Ct. 2052, 80 L. Ed. 2d 674. Petitioner appointed counsel was ineffective
at filed a no-merit letter, when the claims raised had arguable merit and other
claims that were not know to petitioner at the time existed and were not raised
by appointed counsel. Counsel did not communicate with petitioner other than to
inform petitioner he was appointed as counsel and to inform petitioner of the
no-merit letter. There are multiple issues of arguable merit appointed counsel
made no attempt to develop any of the claims raised or raise any claims with merit.
Appointed counsel's action fell well below the standard of Strickland V. Washington,
466 U.S. 688, 104 S. Ct. 2052, 80 L. 2d 674. And had it not been for appointed
counsel failure to provide effective assistance and develop the claims raised in
this petition it is possible that the default may not have happened.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
        custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                of the time for seeking such review;

        (B)     the date on which the impediment to filing an application created by State action in violation of
                the Constitution or laws of the United States is removed, if the applicant was prevented from
                filing by such state action;

        (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court,
                if the right has been newly recognized by the Supreme Court and made retroactively applicable to
                cases on collateral review; or

        (D)     the date on which the factual predicate of the claim or claims presented could have been
                discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation
under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     <u>vacate sentence, remand for new trial,</u>

_____

_____

or any other relief to which petitioner may be entitled.


_____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on <u>5/7/19</u>          (month, date, year).


Executed (signed) on    <u>5/7/19</u>      (date).


_Thomas Scott_
_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

Ground five: Post-Sentence/Direct appeal counsel was ineffective for failing to raise prosecutorial misconduct for the use of perjured testimony, appeal counsel was ineffective for failing to raise post-sentence counsel's ineffectiveness.

Supporting facts: Due to a clerical oversight at the public defender office there was no time to file a timely post-sentence motion or notice of appeal. Counsel requested reinstatement of appeal right but failed to request the reinstatement of post-sentence right. Which left the petitioner unable to file any post-sentence motion such prosecutorial misconduct for the use of perjured testimony, appeal counsel was ineffective for failing to raise post-sentence counsel's ineffectiveness.

Direct appeal of ground five
This issue was not raised on direct appeal because it could not be raised until P.C.R.A.

Post-Conviction Proceeding:
This issued was not raised in post-conviction proceeding
Petitioner did not receive a hearing for post-conviction motion. Petitioner appealed the denial of the motion. Petitioner did not raise ground five in the appeal. the appeal was filed in the Superior Court of Pennsylvania.
Docket number: CP-02-CR-0003918-2011
Date of decision: Dec 14, 2015
Petitioner did raise this on appeal because the petitioner is uneducated in law and was unaware of this issue at the time.

Ground Six: Trial counsel was ineffective for failing to arguing crime scene photographs as impeachment evidence, appeal counsel was ineffective for failing to raise trial counsel ineffectiveness.

Supporting facts: Trail counsel failed to argue crime scene photographs presented at trial as impeachment evidence to contradict the testimony of the commonwealth witness, appeal counsel was ineffective for failing to raise trial counsel ineffectiveness.

Direct appealof ground SIX:

This issue was not raised on direct appeal, because this issue could not be raised until P.C.R.A.

Post-Conviction Proceeding:

This issued was raised on P.C.R.A, in the Superior court of Pennsylvania.

Docket number CP-02-CR-0001918-2011

Date of court decision Dec 14,2015.

Petitioner did not receive a hearing for the P.C.R.A.

Petitioner filed an appeal to the denial of P.C.R.A.

This issue was not raised on appeal to denial of P.C.R.A.

Appeal was filed in the Supreme Court of Pennsylvania.

Docket number CP-02-CR-0003918-2011.

Petitioner did not raised this issue on appeal because petitioner is uneducated in the law and raised different issues on appeal.

Ground Seven: Post-sentence/Direct appeal counsel was ineffective for failing to raise prosecutorial misconduct for the use of a involuntary confession/statement, appeal counsel was ineffective for failing to raise the ineffectiveness of Post-sentence/Direct appeal counsel.

Supporting facts: Due to a clerical oversight at the public defender office there was no time to file a timely post-sentence motion or notice of appeal. Post-sentence/Direct appeal counsel requested the reinstatement of appeal rights but failed to request the reinstatement of post-sentence motion rights, appeal counsel was ineffective for failing to raise the ineffectiveness of Post-sentence/Direct appeal counsel.

Direct appeal of ground seven:

This issue was not raised on direct appeal because it could not be raised until P.C.R.A.

Post-Conviction Proceeding:

This issued was not raised in Post-Conviction proceeding

Petitioner did not receive a hearing for Post-Conviction motion. Petitioner appealed the denial of the motion. Petitioner did not raise this ground on

appeal. The appeal was filed in the Superior Court of Pennsylvania.

Docket number: CP-02-CR-0003918-2011

Date of decision: Dec 14,2015

Petitioner did not raise this issue on appeal because the petitioner is uneducated in law and was unaware of this issue at the time.

Ground eight: P.C.R.A. counsel was ineffective for failing to purse a cumulative effect for trial counsel's ineffectiveness, for failing to present medical records, not argue crime scene photograph's as impeachment evidence, and failing to object to perjured tietimony.

Supporting facts: P.C.R.A. filed a not merit letter claiming the issues raised have no arguable merit but failed to raise a claim of cumulative effect of trial counsel's ineffectiveness.

Direct appeal of ground eight:
This issue could not be raised until P.C.R.A.

Post-Conviction proceeding:
This issued was not raised in Post-Conviction proceeding.
There was not hearing for the Post-Conviction motion. There was a appeal to the denial of the motion. This issue was not raised in the appeal of the denial of Post-Conviction motion. The appeal was filed in the Superior Court of Pennsylvania.

Docket number: CP-02-CR-0003918-=2011

Date of decision: Dec 14, 2015

Petitioner did not raise this issue on appeal because the petitioner is uneducted in law and was unaware of the issue it the time.

Ground: Nine: P.C.R.A counsel was ineffective of failing to challenge Petitioner's illegal sentences.

Supporting facts: Petitioner is severing a mandatory minimum sentences. Alleyne was decided one day before the Superior Court issued an opinion in the direct appeal and five months before the Pennsylvania Supreme Court denied Petitioner's petition for Allowance of Appeal. Which would have had it possible

for P.C.R.A counsel to challenge the legality of the sentence.

Direct appeal of ground nine.
This issues was not raised of direct appeal because the law had not been changed at the time of direct appeal.

Post-conviction proceeding:
This issued was not raised in Post-Conviction proceeding.
Petitioner did not receive a hearing for Post-Conviction motion. Petitioner appealed the denial of the motion. Petitioner did not raise ground nine in the appeal. The appeal was filed in the Superior Court of Pennsylvania.
Docket number: CP-02-CR-0003918-2011.
Date of decision: Dec 14, 2015.
Petitioner did not raise this on appeal because the petitioner is uneducated in law and was unaware of the claim at the time.
Please include this ground with grounds 1,2,3,4,5,6,7 and 8 in the answer to Question 18. TIMELINESS OF PETITION.